UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DON L. THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:14-CV-1629 PS |
| vs. | ) |
| | ) |
| MONTE FISHER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Don L. Thomas, a *pro se* prisoner, filed an amended complaint under 42 U.S.C. § 1983. (DE 7.) Pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009)(*citing* and *quoting Twombly* and *Iqbal*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 602. Thus, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Nevertheless, I must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Thomas alleges that in October 2013, he was arrested on charges of theft in Wells County. He claims he was kept at the jail for five days before being brought before a judicial officer for a probable cause hearing. The complaint can be read to allege that two Bluffton police officers, Detective Kyle Randall and Officer Adrian Bermudez, purposely kept him at the jail for this extended period so they could have time to gather additional evidence against him.

The Fourth Amendment provides a right to a prompt judicial determination of probable cause. *County of Riverside v. McLaughlin,* 500 U.S. 44, 56-57 (1991); *Gerstein v. Pugh,* 420 U.S. 103, 125-26 (1975). Judicial determinations of probable cause within 48 hours of arrest are generally considered reasonable, unless the plaintiff can prove unreasonable delay. *McLaughlin*, 500 U.S. at 56. If a probable cause hearing is not held within 48 hours, the government must demonstrate the existence of an emergency or other extraordinary circumstance to justify its failure to promptly present the person arrested to a judicial officer for a probable cause determination. *Id.* at 56-57; *Lopez v. City of Chicago*, 464 F.3d 711, 722 (7th Cir. 2006). Delays for the purpose of gathering additional evidence to justify the arrest do not satisfy this standard. *McLaughlin*, 500 U.S. at 56. A person who is held in violation of these principles can recover compensatory and/or punitive damages for the unlawful duration of his confinement,

or at a minimum, can recover nominal damages. *Lopez*, 464 F.3d at 722; *Kyle v. Patterson,* 196 F.3d 695, 697-98 (7th Cir. 1999).

Although the complaint is not heavy on detail, it can be read to allege that Thomas was arrested without a warrant and detained for five days without being taken before a judicial officer. It can also be read to allege that the two officers purposely detained him for this extended period without a legitimate reason. Giving Thomas the inferences to which he is entitled at this stage, he has alleged enough to proceed against the two officers.

Thomas also names Wells County Sheriff Monte Fisher as a defendant, without providing any details about how, if at all, he was personally involved in these events. This is Thomas's second attempt to plead his claims, and he was previously instructed that he must explain in detail what each named defendant did to violate his rights in order to state a plausible claim for relief. It appears he may be trying to hold the sheriff liable as the official who oversees operations at the jail. However, there is no general *respondeat superior* liability under Section 1983. *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). The sheriff can only be held liable for his own misconduct, not for an act or omission of his subordinate or anyone else. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) (under 42 U.S.C. § 1983 government actors can be held liable only for their "own misdeeds . . . not for anyone else's."). As a policy maker, the sheriff could be held liable for an unconstitutional official policy or custom that caused Thomas's injury. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). However,

Thomas does not identify an official policy or practice in his complaint, nor is there a plausible basis to infer that the Sheriff's Department had an official policy or practice to violate the *Gerstein* rights of its arrestees. Instead, Thomas describes a scenario where two rogue officers detained him beyond the 48-period to suit their own purposes. Accordingly, the sheriff will be dismissed as a defendant.

For these reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against Kyle Randall and Adrian Bermudez in their individual capacities for monetary damages for violating his Fourth Amendment rights;

(2) **DISMISSES** Monte Fisher as a defendant;

(3) **DISMISSES** any and all other claims contained in the complaint;

(4) **DIRECTS** the United States Marshals Service to effect service of process on Kyle Randall and Adrian Bermudez pursuant to 28 U.S.C. § 1915(d); and

(5) **ORDERS** Kyle Randall and Adrian Bermudez to respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE, only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED**.

ENTERED: July 31, 2014.      /s Philip P. Simon
Philip P. Simon, Chief Judge
United States District Court