UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DON L. THOMAS,                      )
                                    )
            Plaintiff,              )
                                    )       CAUSE NO. 3:14-CV-1629 PS
      vs.                           )
                                    )
MONTE FISHER, *et al.*,             )
                                    )
            Defendants.             )

## OPINION AND ORDER

Don L. Thomas, a *pro se* prisoner, is proceeding on a Fourth Amendment claim against two Bluffton Police Department officers, Detective Kyle Randall and Officer Adrian Bermudez. Mr. Thomas was granted leave to proceed on a claim that he was arrested in October 2013 and then detained in the Wells County jail for five days without being taken before a judicial officer for a probable cause hearing, so that these officers could have time to gather additional evidence against him. (DE 8.) Both defendants have moved for summary judgment in their favor. (DE 31.)

Here are the facts: on October 17, 2013, at approximately 2:30 p.m., Don L. Thomas was arrested in Bluffton, Indiana, and transported to the Wells County Jail. (DE 32-2; Thomas Dep. at 8-9.) Detective Kyle Randall and Officer Adrian Bermudez interviewed Mr. Thomas at the jail. (*Id*. at 9-10.) During the recorded interview, Thomas admitted that he had been involved in some thefts. (*Id*. at 10.) This was the only contact Thomas had with the defendants. (*Id*. at 15.)

On October 18, 2013, at approximately 5:30 p.m., Judge Kenton Kiracofe, of the Wells County Circuit Court, signed an Order Determining Probable Cause. (DE 32-2 at 30; Def's Ex. F). Based on an affidavit for probable cause, the judge found probable cause existed to arrest Mr. Thomas for several theft and theft-related counts. (*Id*.) The judge set Mr. Thomas's bail at $23,500. (*Id*.) On October 21, 2013, Mr. Thomas appeared before Judge Kiracofe for his initial hearing, where the judge set his bond at $56,000. (DE 32-2; Thomas Dep. at 18-19.)

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate, however, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* To determine whether a genuine issue of material fact exists, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in his or her own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). If the nonmoving

party fails to establish the existence of an essential element on which he or she bears the burden of proof at trial, summary judgment is warranted. *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006).

The Fourth Amendment provides a right to a prompt judicial determination of probable cause. *County of Riverside v. McLaughlin,* 500 U.S. 44, 56-57 (1991); *Gerstein v. Pugh,* 420 U.S. 103, 125 (1975). Judicial determinations of probable cause within 48 hours of arrest are generally considered reasonable, unless the plaintiff can prove unreasonable delay. *McLaughlin*, 500 U.S. at 56. When a probable cause determination is made within 48 hours, the burden shifts to the plaintiff to establish that any detention under 48 hours is unreasonable. *Ortiz v. City of Chicago*, 656 F.3d 523, 539 (7th Cir. 2011).

Here, the undisputed facts establish that less than twenty-seven hours after his initial arrest, Judge Kiracofe made a determination that probable cause existed to believe Mr. Thomas had committed numerous crimes. The judge set bail at that time. Because the probable cause determination came well within 48 hours of Mr. Thomas's arrest, the detention was presumptively reasonable. Mr. Thomas has not attempted to rebut that presumption. (*See* DE 34.) Notably, Mr. Thomas confessed shortly after being arrested. This confession was audio recorded and video recorded. (DE 32-2; Thomas Dep. at 10.) Because of that, it is not plausible to infer that Officers Randall and Bermudez detained Mr. Thomas impermissibly to obtain a confession or otherwise build a case against him. *United States v. Guthrie*, 265 Fed. Appx. 478, 480 (9th Cir. 2008).

As it is undisputed that Mr. Thomas's probable cause determination came within 48 hours of his initial arrest, it is presumptively reasonable. Mr. Thomas has not presented any facts to rebut that presumption. Consequently, there is no evidence in the record that would allow a jury to reasonably conclude that any Fourth Amendment violation occurred. For this reason, summary judgment in favor of the defendants is warranted.

As a final matter, in his January 22, 2015, deposition, Mr. Thomas concedes that the probable cause hearing took place on October 18, 2013, but he maintains that this lawsuit is premised on that fact that he was not permitted to attend it in person. (Thomas Dep. at 23-24.) While he would have liked to attend that hearing in person, he had no right to do so. *May v. Indiana*, 502 N.E.2d 96, 100 (Ind. 1986). In Indiana, judges routinely make probable cause determinations of persons arrested without a warrant solely by reviewing a probable cause affidavit. IND. CODE § 35-33-7-2(a). This is exactly what happened here. Because Mr. Thomas had no right to attend the probable cause hearing, this claim is without merit.

For these reasons, the court:

(1) **GRANTS** the Defendant's motions for summary judgment (DE 31); and

(2) **DIRECTS** the clerk to enter judgment in favor of the defendants.

**SO ORDERED**.

ENTERED: January 26, 2016       s/Philip P. Simon
                                Chief Judge
                                United States District Court